IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES KENZELL CARTER,

           Plaintiff,

vs.                                                Case No. 21-3178-SAC

SECURITY TRANSPORTATION SERVICES,
INC., et al.,

           Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging violations of his constitutional rights in relation to his transportation as a prisoner by defendants. He seeks leave to proceed in forma pauperis. Doc. Nos. 2 and 9. Plaintiff brings this case pursuant to 42 U.S.C. § 1983.[1] Plaintiff also asserts counts which allege negligence and breach of contract. In this order, the court shall rule upon plaintiff's motions for leave to proceed in forma pauperis. The court shall also review plaintiff's Doc. No. 8 which is an amended complaint plaintiff has filed in response to the court's directive to file his complaint on forms. See Doc. No. 3. The court does this on its own motion to determine whether plaintiff has stated a plausible claim for relief which this court

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

has jurisdiction to consider.  See <u>Raiser v. Kono</u>, 245 Fed.Appx. 732, 735 (10th Cir. 2007)(recognizing the court's authority to review complaints <u>sua sponte</u> to determine if they state a claim for relief); see also 28 U.S.C. § 1915(e)(2)(B)(ii).

I. <u>Motions for leave to proceed in forma pauperis</u>

Because plaintiff is a prisoner, he must pay the full filing fee of $350.00 in installment payments taken from his prison trust account if he demonstrates that he lacks the funds to prepay the whole filing fee at once. 28 U.S.C. § 1915(b)(1).  Pursuant to § 1915(b)(1), the court must assess an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his prison account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint.  Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2).  A prisoner, however, shall not be prohibited from bringing a civil action or appeal because he has not means to pay the initial partial filing fee.  § 1915(b)(4).

The court has reviewed the financial records supplied in support of plaintiff's motions for leave to proceed in forma pauperis.  Taking the records for the six months preceding August 11, 2021, when plaintiff filed the original complaint, the court shall assess an initial partial filing fee of $87.00.  After

payment of the initial partial filing fee, plaintiff shall be required to make monthly payments of 20% of the preceding month's income credited to the prisoner's account. The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid.

II. Screening standards

The court shall liberally construe plaintiff's pro se complaint and apply "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant must follow the same procedural rules as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). The court will not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on [a pro se] plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and

3

views them in the light most favorable to the plaintiff. <u>United States v. Smith</u>, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. <u>Id</u>. The court, however, is not required to accept legal conclusions alleged in the complaint as true. <u>Iqbal</u>, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. <u>Khalik v. United Air Lines</u>, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting <u>Twombly</u>, 550 U.S. at 555).

III. <u>Plaintiff's amended complaint</u>

Plaintiff is incarcerated currently in Virginia. He alleges that he is a state prisoner whose Eighth and Fourteenth Amendment rights were violated when, in August 2019, he was being transported from a Wyoming prison to a prison in Kansas and beyond by defendant Security Transportation Services, Inc. (STS), a Kansas company. Plaintiff alleges that on August 21, 2019, a mentally unbalanced female inmate slipped her handcuffs and assaulted a male inmate in the transport and that the driver of the transport, defendant Josh (LNU), almost wrecked it pulling over to stop the fight while another security officer, defendant Carrie (LNU), did nothing and ignored the incident. Plaintiff does not allege that either inmate was injured in the altercation.

Plaintiff states that he was in full-body restraints and that defendant Josh (LNU) ordered him to sit in front beside the female

inmate.  Plaintiff claims that she again slipped her handcuffs and began poking plaintiff in the face.  Plaintiff asserts that the transport was stopped "to get the Sheriff to assist in putting the handcuffs back on."  Doc. No. 8, p. 4.  He claims that the female inmate later slipped the handcuffs again and poured soda on plaintiff.  Plaintiff alleges that defendants Josh (LNU) and Carrie (LNU) failed to protect plaintiff from being assaulted.

Plaintiff further alleges that on August 25, 2019, defendant Anthony (LNU) drove the transport recklessly, exposing plaintiff to danger and that defendant Gary (LNU), a supervisor, did nothing to stop it from happening.

Plaintiff asserts that he suffers from mental illness and PTSD.

Plaintiff's amended complaint alleges a violation of his Eighth and Fourteenth Amendment rights.  It also asserts what appear to be state law negligence claims for reckless endangerment (reckless driving), failure to protect, and failure to offer a remedy or intervene.  Finally, the amended complaint mentions breach of contract and the Americans with Disabilities Act.[2]

---

[2] Plaintiff does not mention the ADA as the basis for a count of the amended complaint.  For this reason and because his allegations do not describe him as a qualified individual with a disability or describe discrimination on the basis of a disability, the court finds that plaintiff has failed to state a claim for an ADA violation.

IV. <u>Plaintiff does not state a claim for a constitutional violation</u>.

   A. <u>Eighth Amendment</u>

The Supreme Court has assumed that "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994)(quoting <u>Cortes-Quinones v. Jimenez-Nettleship</u>, 842 F.2d 556, 558 (1st Cir. 1988)).  "[A] failure to meet this duty violates the Eighth Amendment only when two requirements are met.  First, the alleged deprivation must be 'sufficiently serious' under an objective standard. . . . Second, the prisoner must show that prison officials had subjective knowledge of the risk of harm.  In other words, an official 'must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" <u>Howard v. Waide</u>, 534 F.3d 1227, 1236 (10th Cir. 2008)(quoting <u>Farmer</u>, 511 U.S. at 834 and 837).  "The mere showing that an assault occurred may not be sufficient.  If the assault resulted from defendants' negligence, no constitutional claim is presented." <u>Trotter v. Wade</u>, 1995 WL 472786 *1 (D.Kan. 7/31/1995)(citing <u>Davidson v. Cannon</u>, 474 U.S. 344 (1986)).

Plaintiff has not described facts demonstrating that the alleged failure to protect in this case either caused a sufficiently serious injury or that the defendants had subjective

knowledge of a risk of serious harm.  Therefore, he has not stated a plausible claim for damages as compensation for an Eighth Amendment violation.  Cf., Riddle v. Mondragon, 83 F.3d 1197, 1205 (10th Cir. 1996)(allegations of being placed in fear of life by physical assaults does not state an Eighth Amendment claim).

Moreover, under 42 U.S.C. § 1997e(e), an inmate may not recover compensatory damages in a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."

B. Fourteenth Amendment

Plaintiff asserts that his right to liberty was denied without due process because an "atypical and significant hardship" was imposed on plaintiff in relation to the ordinary incidents of prison life.  The term "atypical and significant hardship" is recognizable from Sandin v. Conner, 515 U.S. 472 (1995).  Sandin concerned an inmate who was placed in disciplinary segregation for 30 days after being found guilty of prison misconduct.  The inmate claimed that he was denied due process leading to the disciplinary punishment.  The Court held that the liberty interests protected by the Due Process Clause were the interests in freedom from restraint which imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  515 U.S. at 484.

7

Plaintiff does not expressly or specifically describe the alleged "atypical and significant hardship." The court assumes he is referring to the failure to protect him from the assault by the female inmate and the reckless driving of the transport. Plaintiff does not allege facts, however, showing that either incident is an atypical or significant hardship. Therefore, he has not asserted facts showing a plausible due process violation.

The court notes as well that negligent conduct does not provide grounds for liability under § 1983. See Kingsley v. Hendrickson, 576 U.S. 389, 396 (2015); Darr v. Town of Telluride, Colo., 495 F.3d 1243, 1257 (10th Cir. 2007); see also, Davidson v. Cannon, 474 U.S. 344, 348 (1986)("due process has never been understood to mean that the State must guarantee due care on the part of its officials"). Here, plaintiff does not allege that defendants acted with the intention of causing harm to plaintiff.

Finally, the provisions of § 1997e(e) apply to plaintiff's due process claims to prevent the award of compensatory damages.

C. Security Transport Services, Inc.

While STS may be considered as a person acting under color of state law for purposes of § 1983, it may not be held liable based upon respondeat superior – that is, solely because it employs someone who violated the Constitution. See Rascon v. Douglas, 718 Fed.Appx. 587, 589-90 (10th Cir. 2017); Spurlock v. Townes, 661 Fed. Appx. 536, 545 (10th Cir. 2016). To describe liability by

STS under § 1983, plaintiff must allege facts showing a policy or a custom of STS that caused his injury. See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691–94 (1978) (stating requirements for pursuing a § 1983 claim against a municipality); Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir. 2003) (extending Monell requirements to a private entity performing a state function); Wabuyabo v. Correct Care Sols., 723 Fed.Appx. 642, 643 (10th Cir. 2018) ("[T]o state a claim against CCS, [Plaintiff] must identify an official policy or custom that led to the alleged constitutional violation."). Plaintiff has failed to allege such facts. Consequently, his § 1983 claim against STS is subject to dismissal for failure to state a claim.

V. Plaintiff does not state a plausible claim for negligence.

Plaintiff alleges negligence. Under the Restatement (Second) of Torts § 320 (1965), one "who voluntarily takes the custody of another under circumstances such as to deprive the other of his normal power of self-protection or to subject him to association with persons likely to harm him, is under a duty to exercise reasonable care so to control the conduct of third persons as to prevent them from intentionally harming the other or so conducting themselves as to create an unreasonable risk of harm to him, if the actor (a) knows or has reason to know that he has the ability to control the conduct of the third persons, and (b) knows or should know of the necessity and opportunity for exercising such

9

control." Negligence exists where there is a duty owed by one person to another, a breach of that duty, a causal connection between the duty breached and the injury received, and damage by the negligence. See Seibert v. Vic Regnier Builders, Inc., 856 P.2d 1332, 1338 (Kan. 1993).

Plaintiff does not allege facts plausibly demonstrating a cause of action for negligence for the following reasons. First, plaintiff does not allege damage from defendants' alleged reckless driving.

Second, as to a claim for the failure to protect or intervene, plaintiff fails to allege a threat of significant harm that was known to defendants. Plaintiff alleges that prior to her "assaults" upon plaintiff, the female inmate instigated a fight with another inmate on the transport. He does not allege, however, that the other inmate was harmed, only that he reacted violently against the female inmate. Plaintiff does not allege that the female inmate used or had access to a weapon, or that she caused significant harm to plaintiff. Plaintiff does not allege that he objected to being seated next to the female inmate, that the female inmate threatened him prior to his being seated next to her, or that she threatened to spill her drink on plaintiff. He only alleges that she was mentally unbalanced and that she "assaulted" plaintiff. The amended complaint states that defendants stopped the transport and obtained assistance in handcuffing the female

inmate after she started poking plaintiff. To reiterate, the amended complaint does not mention a significant injury, or that defendants were aware of a reasonable threat of significant injury from the female inmate, or that defendants failed to react in a reasonable time and manner to protect plaintiff from significant injury.

Third, there is no duty to the court's knowledge for defendants to offer a remedy to plaintiff under the facts as alleged.

For these reasons, the court concludes that amended complaint does not state a plausible claim for negligence.

VI. <u>Plaintiff has not stated a plausible claim for breach of contract.</u>

Plaintiff broadly and generally alleges breach of contract, but does not describe facts demonstrating that defendant STS breached a specific contractual provision. Among the elements which must be alleged to state a breach of contract claim is the existence of a contract between the parties, a breach of the contract by defendant, and damages to plaintiff caused by the breach. See <u>Stechschulte v. Jennings</u>, 298 P.3d 1083, 1098 (Kan. 2013). Plaintiff does not describe the contract in question or indicate what contractual provision was violated and how it was violated. He also does not allege that he was caused damages. His mere conclusory statements fail to describe a plausible breach

of contract claim.  See Nolan-Bey v. Wickham Glass, Inc., 714 Fed.Appx. 915, 916 (10th Cir. 2018); Washington v. Washington, 605 Fed.Appx. 716, 718 (10th Cir. 2015).

VII. Conclusion

Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2) is granted.  The motion for leave to proceed in forma pauperis (Doc. No. 9) is considered moot.  Plaintiff is directed to submit an initial partial filing fee of $87.00 to the Clerk of the Court by December 20, 2021.  Plaintiff will be required to pay the balance of the $350.00 filing fee in installments calculated pursuant to 28 U.S.C. § 1915(b)(2).

For the above-stated reasons, plaintiff has failed to state a plausible claim for relief against defendants and his complaint is subject to dismissal.  The court shall grant plaintiff time until December 20, 2021 to file a second amended complaint which corrects the deficiencies identified in the amended complaint.  If plaintiff does not timely make payment of the partial filing fee and file a second amended complaint, this case shall be dismissed without prejudice.  A second amended complaint should be written on court-approved forms and contain every claim plaintiff wishes to litigate in this case.  It should not refer back to a previous complaint.

**IT IS SO ORDERED.**

Dated this 17th day of November 2021, at Topeka, Kansas.


                              s/Sam A. Crow_____
                              U.S. District Senior Judge